[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2010
JOHN LEY
CLERK

No. 10-11577
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00025-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEVERIANO GOMEZ-PANTALEON,
a.k.a. Thomas Diaz-Lopez,
a.k.a. Carlos Humberto Castellanos-Leon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 15, 2010)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Severiano Gomez-Pantaleon appeals the 38-month sentence imposed by the district court after he pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Gomez's offense and criminal history resulted in an applicable guidelines range of 46 to 57 months. The statutory maximum sentence was 20 years. See 8 U.S.C. § 1326(b)(2).

Even though Gomez received a final sentence below the guidelines range and well below the statutory maximum, he contends it is substantively unreasonable under 18 U.S.C. § 3553(a). He argues that he had not committed any crimes for the last 12 years and that he did not need deterrence, rehabilitation, or removal as a danger to the public. He further argues that the district court violated the "parsimony principle" by refusing to vary downward from the guidelines range more than it already had.

We review a sentence for reasonableness, applying an abuse of discretion standard. United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). Our reasonableness review is guided by the factors provided by Congress in 18 U.S.C. § 3553(a). United States v. Pugh, 515 F.3d 1179, 1188–89 (11th Cir. 2008).

The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a).

18 U.S.C. § 3553(a).  That includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care.  Id. § 3553(a)(2).  The district court must also consider among other factors the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities.  See id. § 3553(a)(1), (4), (6).  The district court need not discuss each factor.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  The burden of establishing that a sentence is unreasonable lies with the party challenging that sentence.  Pugh, 515 F.3d at 1189.

As an initial matter, we have disapproved of the use of the phrase "parsimony principle" to describe the "sufficient, but not greater than necessary" requirement of § 3553(a).  See Irey, 612 F.3d at 1196–97 (11th Cir. 2010).  That phrase reflects only half of the congressional command—that the sentence not be too long.  Id. at 1197.  It leaves out the other, equally important half—that the sentence not be too short.  See id.  Under § 3553(a), Congress requires sentences to be neither too long nor too short.  See id.  (noting that "[a] more accurate term . . . might be 'the Goldilocks principle'").

3

Semantics aside, Gomez contends that his recent non-criminal conduct warranted a downward variance greater than the 8-month reduction already meted out by the district court. He argues that a greater reduction is required because he has managed to stay out of trouble since his arrest for transporting cocaine 12 years ago. Gomez also asserts that he was minding his own business and keeping his nose clean when law enforcement officers mistakenly arrested him, believing Gomez to be his brother.

Gomez's argument, however, misses a key point: when he illegally reentered the United States after his last deportation, he broke the law every day he remained here. After he was caught for that illegal conduct, he continued to break the law by lying to law enforcement officers about his name and handing over false identification documents. At the sentence hearing, the district court expressly considered Gomez's recent good conduct, his recent bad conduct, his serious criminal history, his time already served for the related false identification crimes, sentences imposed on other defendants for similar crimes in the district, and the need to deter Gomez from illegally reentering the United States yet again. After weighing those factors, the district court imposed a sentence below the applicable guidelines range and well below the statutory maximum of 20 years. That sentence is reasonable.

**AFFIRMED.**

4